# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH BREELAND,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-281 Erie |
| ) | |
| v. ) | |
| ) | |
| **WEXFORD HEALTH CARE** ) | **District Judge Mark R. Hornak** |
| **SERVICES, et al.,** ) | **Magistrate Judge Richard A. Lanzillo** |
| ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court upon Plaintiff's "motion to ask courts the process" (ECF No. 40). For the reasons which follow, the motion is denied.

By way of background, Plaintiff initiated this lawsuit on October 23, 2017, based on his allegation that an unknown nurse, identified in this lawsuit as "Jane Doe," refused to examine his ankle in a timely fashion after he sustained an injury playing basketball. ECF No. 1. Plaintiff alleges that Jane Doe is an employee of the Pennsylvania Department of Corrections ("DOC") but that he has been unable to obtain her name. Id. ¶ 5. Instead of suing the DOC, Plaintiff sued Wexford Health Services ("Wexford"), the private company engaged to provide medical services to inmates at SCI-Albion, and the unidentified nurse. Id. ¶¶ 4-5.

Plaintiff never served either Defendant. By virtue of his voluntary "motion to dismiss Wexford Health Care as Defendant," the only defendant remaining in this action is the

unidentified Jane Doe.[1]  It is unclear what steps Plaintiff has taken to identify Jane Doe on his own.  However, he has repeatedly requested assistance from the Court in obtaining her identity.  See ECF Nos. 27, 38, 40.  In each case, the Court has advised Plaintiff that he must attempt to ascertain the identity of Jane Doe through proper discovery.  ECF No. 28, 39.  Now that he has dismissed the only named defendant in this action, that path appears to be foreclosed to him.

It is "well-settled that the use of John/Jane Doe defendants absent compelling reasons will not suffice and the district court may dismiss such defendants if plaintiff, after being granted a reasonable period of discovery, fails to identify the defendants." Miller v. Doe, 2016 WL 6780705, at *3 n. 4 (M.D. Pa. Nov. 16, 2016) (citing Sheetz v. Morning Call, 130 F.R.D. 34 (E.D. Pa. 1990)).  When an unnamed defendant is not identified and served "within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); McKenzie v. Wetzel, 2016 WL 1068374, at *6 (W.D. Pa. Feb. 10, 2016) (dismissing Jane and John Doe defendants who were never identified or served within the timeframe provided by Rule 4(m)).

While the Court is sympathetic as to the logistical difficulties inherent in attempting to identify an unknown individual while incarcerated, the burden nonetheless falls squarely on Plaintiff to do so, and to do so within a timely fashion.  Although this action has been pending for approximately 15 months without any defendant being served, the Court will provide Plaintiff with a final extension of thirty (30) days from the date of this Order in which to effectuate service.  If Plaintiff cannot identify Jane Doe within that time, whether by reviewing

---

[1] Plaintiff's initial attempt to have the United States Marshals Service serve process on Wexford appears to have failed because he provided the address of the prison, rather than Wexford's address.

his medical records, grievance history, or any other documents obtainable by him that might provide that individual's identity, it will be recommended that this action be dismissed, without prejudice, pursuant to Rule 4(m).

    IT IS SO ORDERED.

/s/ Richard A. Lanzillo<br>
RICHARD A. LANZILLO<br>
United States Magistrate Judge

Dated: January 14, 2019